Gus Edward ENGELLAND and
Lavaughn F. Engelland,
Plaintiffs-Respondents,

v.

Ron LeBEAU, et al.,
Defendants-Appellants.

Nos. 45072, 45466.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 7, 1984.

David S. Purcell, Kirkwood, for Caldwell Paint.

David L. Baylard, Union, for First State Bank of Union.

Harold E. Horsley, Valley Park, for Ron & Gail LeBeau and Gerald and Bernadette Stark.

Philip M. Sestric, Kirkwood, for Gus and LaVaughn Engelland.

Joseph J. Becker, St. Louis, for Mercantile Mortgage.

GAERTNER, Presiding Judge.

Caldwell Paint Manufacturing Company (Caldwell) and Mercantile Mortgage Company (Mercantile) appeal from a judgment in an interpleader action which disposed of a 1.26 acre parcel. The judgment is affirmed as modified.

Caldwell contends the trial court erred in: (1) reforming the deed of trust to include real estate excluded in the legal description in the instrument, (2) in purporting to adjudicate title to real estate without allegedly describing the real estate or the instruments in sufficient detail; and (3) in rendering what purports to be a final judgment without allegedly considering all the issues before it. Mercantile's brief is defective because the points relied on do not comply with Rule 84.04(d) and it will be considered *ex gratia* only for its argument that its lien is prior to Caldwell's.

Gus and Lavaughn Engelland, husband and wife, initiated the present interpleader action by tendering into court the disputed 1.26 acre parcel of land. Named as defendants were Ron and Gail LeBeau, husband and wife; Gerald and Burnadette Stark, husband and wife; First State Bank of Union (Bank); Caldwell; Mercantile; and Mark Twain State Bank, which was later dismissed from the lawsuit.

The Engellands inherited a forty-acre tract of land in Franklin County from Gus'. father. Later, the Engellands purchased an adjacent 1.26 acre parcel from Gus' uncle. The smaller parcel was improved with a house in which the Engellands lived.

On June 6, 1973, the Engellands conveyed by warranty deed their property, which included "42 acres, more or less," to the LeBeaus; however, the 1.26 acre parcel was expressly excepted from the conveyance. In order to purchase the property the LeBeaus obtained a loan from Bank, which received a deed of trust to secure the loan. The 1.26 acre was also excluded from the deed of trust.

The LeBeaus apparently fell upon hard times. Mercantile obtained a judgment from the Franklin County Circuit Court against the LeBeaus for $3,420.00 plus costs on January 7, 1977. Mark Twain State Bank obtained a judgment against the LeBeaus from the St. Louis County Circuit Court, but summary judgment was granted to dismiss Mark Twain State Bank because it failed to register its judgment in Franklin County. Caldwell obtained a judgment on April 28, 1977 against the LeBeaus from St. Louis County Circuit Court which was registered in Franklin County.

Meanwhile, Ron LeBeau gave his sister and brother-in-law, the Starks, an option to buy the house and fifteen acres, with a closing date in July, 1977. The LeBeaus then attempted to assign their interests in

the parcel to the Starks by various written assignments in June and July of 1977.

Gail LeBeau died on February 19, 1978. Caldwell and Mercantile garnished the Engelland's record interest in the 1.26 acre tract. The Engellands disclaim any interest in this parcel and are content to let the defendants fight over it. Bank cross-claimed against its fellow defendants, claiming that the exclusion of the 1.26 acre tract from the Engelland to LeBeau warranty deed and from the deed of trust was the result of mutual mistake by the parties to those instruments. The trial court reformed the warranty deed and deed of trust to include the 1.26 acres.

■ Caldwell's first point is that the trial court erred in reforming the deed of trust because Bank failed to prove by clear, cogent and convincing evidence that the description in the instrument was the result of a mutual mistake. "[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 [1–3] (Mo. banc 1976).

■ The burden of proof is upon the party seeking reformation to show by clear, cogent and convincing evidence: (1) a preexisting agreement between the parties to describe the tract in accordance with the proposed reformation; (2) the mistake; and (3) the mutuality of the mistake. *Ethridge v. Perryman*, 363 S.W.2d 696, 698 [1–3] (Mo.1963).

Ron LeBeau testified that he intended to give Bank a security interest in a house and forty-two acres. He also testified that he intended to give the bank all the property which he acquired from the Engellands.

■ Bank, in its commitment letter to Mr. LeBeau, stated, "We hereby agree to finance $32,500.00 on your purchase of 43 acres and house." In addition, Bank appraised the land at $20,000.00 and the value of the buildings at $22,500.00 the day before the commitment letter, thus leading to an inference that Bank intended to accept as security both the unimproved 40 acres and the improved 1.26 acres. The evidence thus establishes a pre-existing agreement between Bank and LeBeaus to include the 1.26 acre parcel in the deed of trust.

The elements of mistake and mutuality of mistake are also present. Mr. LeBeau never became aware that the 1.26 acre parcel was excluded until the morning when Bank began to foreclose on the property. Bank required the LeBeaus to insure the property.

A thorough review of the record leads us to conclude that the parties to the sale of the two parcels intended the Engellands to sell the entire property to the LeBeaus, with the Bank providing most of the purchase money in exchange for a note and deed of trust of all the property. Point I is denied.

Caldwell's next point is that the trial court's decree is insufficient to reform the deeds because neither the realty nor the instruments are described with sufficient clarity. The relevant portion of the decree reads as follows:

The tender into Court by Plaintiffs Engellands of the 1.26 acres is accepted and the equitable ownership of that land as described in the Petition is now declared to be in Gerald K. Stark and Bernadette Stark, subject to the bare legal ownership held by Thomas J. Briegel, as Trustee under the deed of trust executed by the LeBeaus on June 4, 1973, the equitable security interest held by First State Bank of Union to the extent of its loan under the same deed of trust and the inferior judgment liens of Caldwell Paint Manufacturing Company, Inc. and Mercantile Mortgage Company.

■ A decree which affects title to real estate should describe the land in question with certainty so that the description will support a later conveyance of the property. *Tripp v. Harryman*, 613 S.W.2d 943, 951 [14] (Mo.App.1981). Caldwell cites *Underwood v. Cave*, 176 Mo. 1, 75 S.W. 451

(1903), where the court held that in a suit to correct a description in a deed, the trial court's decree, which held that the grantee was entitled to the omitted or misdescribed property and contained a corrected description, was erroneous because it omitted any reference to the correction of the instruments but merely referred the reader to the pleadings to ascertain the relief prayed for. 75 S.W. at 456.

█ The decree in the present case is defective in respects similar to *Underwood.* It refers the reader to the pleadings, not for the relief requested, but for a description of the property; the description should have been expressly recited in the decree. In addition, because the case involved an action to reform instruments rather than merely a quiet title action, the decree should have referred to the instruments which the court wanted to reform.

█ In addition, we note that the trial court's order and decree is not distinguishable from the findings of fact and conclusions of law. Inasmuch as the order and decree affects the title to real estate, whereas the findings and conclusions are the trial court's justification of the order and decree, the order and decree should be in a form so that it alone will be suitable for recording in the real estate records.

Despite these defects, we see no reason to remand the case to the trial court. After reference to the pleaded description, the decree fully and clearly outlined who was to have what interests in the property. Moreover, we agree with the trial court's intent to sustain Bank's request for reformation. Accordingly, we give such judgment as the court ought to give and finally dispose of the case, *see* Rule 84.14, by modifying the trial court's decree to insert the following at the end of the trial court's decree:

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the aforesaid Warranty Deed, recorded in Book 292, Page 519, and Deed of Trust, recorded in Book 166, Page 238, of the Recorder's Office of Franklin County, Missouri, be hereby reformed and corrected to conform to the mutual intent of the parties so that the descriptions thereon shall read as follows:

A strip of ground of the uniform width of 210 feet off the South side of the Southwest qr. of the Northwest qr. Also a part of the west half of the Southwest qr., described as follows: Beginning at a point in the East line of said tract 1845 feet North of the Southeast corner thereof, thence Southwestwardly in a straight line to a point on the Northeast bank of the Bourbeuse River, 210 feet Southeast of the point of intersection of the Northeast line of said river, with the west line of said West half of Southwest qr., thence continuing on same course to the center of the Bourbeuse River, thence Northwesterly along the center of the Bourbeuse River, to the West line of said tract, thence North to the Northwest corner thereof, thence East to the Northeast corner thereof, thence South to the place of beginning

Also a strip of land 20 feet wide off the West side of all that part of the Southeast qr. of the Northwest qr. that lies South of the County Road. All in Section Thirty-five (35), Township Forty-two (42) North, Range Three (3) West of the 5th P.M. and containing 42 acres, more or less.

Subject to building, lines, easements, conditions and restrictions now of record, if any, and to any zoning law or ordinance affecting said property.

and further that title to the above described premises, which includes the premises tendered into court by plaintiffs, pass by this Judgment fully as if properly conveyed in aforesaid Warranty Deed and Deed of Trust.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all right, title and interest held by Ronald LeBeau and Gail LeBeau to the above-described 1.26 acre parcel tendered into court by plaintiffs, passed from Ron LeBeau and Gail LeBeau to and is vested in, Gerald K. Stark and Bernadette Stark, subject

first to the aforesaid Deed of Trust, and subject thereafter to any judgment liens, including the judgment liens of Mercantile Mortgage Co. and Caldwell Paint Mfg. Co., the judgment lien of Mercantile Mortgage Co. being superior in priority to the judgment lien of Caldwell Paint Mfg. Co.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs are allowed $750 attorney fees and their filing fee of $55.00, and judgment is entered against defendant First State Bank for that amount, said judgment constituting a first lien on the land herein involved. Court costs are taxed equally against First State Bank, Caldwell Paint Manufacturing Company, Inc. and Mercantile Mortgage Company.

So ordered on November 2, 1981

*See generally,* Missouri Real Estate Practice (Second Edition). The Missouri Bar (1972), § 4.38.

 For its final point Caldwell argues that the trial court erred in giving what purported to be a final judgment without considering all the issues. Specifically, Caldwell contends that the trial court ought to have addressed the issues of whether any debt existed from the LeBeaus to Bank and the amount of the indebtedness. No such relief was prayed for in the trial court. Rather, the pleadings placed before the court an interpleader action to dispose of a 1.26 acre parcel of land and a prayer for reformation of the deed of trust. The decree of the court, as modified, fully and completely satisfies the requested relief. How much money is owed to Bank, while it may be of great economic interest to Caldwell and Mercantile, is irrelevant to the present lawsuit.

Mercantile contends the trial court erred by not giving its lien priority over Caldwell's. While we agree that the record fully supports Mercantile's position, we do not understand why Mercantile raises a point of error regarding its lien priority vis a vis Caldwell. The trial court granted Mercantile's motion to amend and by inter-

lineation of February 16, 1982, gave Mercantile priority over Caldwell.

The judgment is affirmed as modified.

SMITH and STEPHAN, JJ., concur.