**SOUTHERN MISSOURI SAVINGS AND LOAN ASSOCIATION, Plaintiff–Respondent,**

v.

**Ronald A. THOMAS and Winnora L. Thomas, Defendants,**

and

**Farmers State Bank, Defendant–Appellant.**

No. 15594.

Missouri Court of Appeals, Southern District, Division One.

Aug. 10, 1988.

938

Bonnie G. Keaton, Ellington, for defendant-appellant.

Mary L. Dilks, Poplar Bluff, for plaintiff-respondent.

CROW, Presiding Judge.

Farmers State Bank ("the Bank") appeals from a judgment reforming a deed of trust executed by Ronald A. Thomas and Winnora L. Thomas ("the Thomases") in favor of Carter County Savings and Loan Association—now Southern Missouri Savings and Loan Association—and declaring such deed of trust superior to any interest held by the Bank under a "second" deed of trust. The undisputed facts are simple, and a recitation of them is necessary before addressing the Bank's two assignments of error.

On January 27, 1976, the Thomases executed a deed of trust to L. Joe Scott, trustee, securing payment of a $7,680 promissory note made by the Thomases to Carter County Savings and Loan Association ("Plaintiff"). The deed of trust stated that the land conveyed thereby was situated in Reynolds County, Missouri, and described it by metes and bounds commencing at a point on the south line of the southeast

quarter of Section 28. The description did not, however, identify the section, township and range where the land lay.

On February 2, 1976, William R. Fox and Sylveria O. Fox ("the Foxes") executed a warranty deed to the Thomases, conveying land described identically to that in the deed of trust, with the same omission of section, township and range.

The warranty deed was filed for record with the Recorder of Reynolds County February 5, 1976, at 1:40 p.m. The deed of trust was filed for record with the same official at 1:45 p.m., the same date.

Some five and a half years later, on August 19, 1981, the Foxes executed a quitclaim deed to the Thomases conveying land described identically to that in the two 1976 conveyances, except that the quitclaim deed added that the land was "part of the Southeast quarter of the Southeast quarter of Section 28, Township 29 North, Range 2 East." The quitclaim deed explained: "The Intent of this deed is to correct an error in the legal description in a deed between the above parties dated February 2, 1976 and recorded in the Reynolds County, Missouri records...." The quitclaim deed was filed for record with the Recorder of Reynolds County August 24, 1981.

Some four years later, on November 20, 1985, Ronald A. Thomas and *Audrey* Thomas [1] executed a "trust deed" in favor of the Bank securing payment of a $91,211.60 promissory note made by them to the Bank. The description of the land in the 1985 trust deed was identical to that in the two 1976 conveyances, except that the 1985 trust deed, like the 1981 quitclaim deed, identified the section, township and range where the land lay. The 1985 trust deed also said: "This is Farmers State Bank's second deed of trust to Carter County Savings and Loans [sic] Association, first deed of trust dated 1–27–76, and recorded in Book 211 at Page 11 of the Reynold [sic] County Land Records."

---

1. The two 1976 conveyances and the 1981 quitclaim deed each identified Ronald A. Thomas and Winnora L. Thomas as husband and wife. The Bank's answer, filed in the circuit court March 23, 1987, averred that Ronald A. Thomas and Winnora L. Thomas were "no longer husband and wife."

Plaintiff commenced this action March 10, 1987, averring that there was a mutual mistake in the 1976 deed of trust, in that the description of the land should have identified it as "part of the SE quarter of the SE quarter of Section 28, Township 29 North, Range 2 East." Plaintiff's petition included a paragraph numbered 6, which alleged:

"[S]ubsequent to the deed of trust held by Plaintiff, Defendant ... Bank obtained a deed of trust, which was to act as a second deed of trust on the real estate [in issue]; that at the time of ... [the] Bank's second deed of trust, Defendant ... Bank was aware that a first deed of trust was claimed by [Plaintiff] even though there existed an error in the description."

Plaintiff's petition prayed for judgment (1) reforming the 1976 deed of trust to show the correct description, and (2) declaring the lien of the 1976 deed of trust "superior and paramount to any interest held by Defendant ... Bank on their second deed of trust."

The Bank's answer stated, in pertinent part:

"Defendant ... Bank admits the allegations of Paragraph 6 [of Plaintiff's petition] but states that it was not aware of the error in any deed of other lienholders."

The cause was tried November 16, 1987. Plaintiff and the Bank each appeared by counsel. The Thomases defaulted. The issues were submitted to the trial court on the four deeds heretofore described. No one testified.

The trial court subsequently entered judgment finding there was a mutual mistake in the land description in the 1976 deed of trust. The judgment ordered the 1976 deed of trust reformed as prayed by Plaintiff, and declared that such deed of trust "recorded in Book 211 at Page 11, is a first Deed of Trust superior and paramount to any interest held by [the] Bank on a second Deed of Trust."

The Bank's first point on appeal asserts that the trial court erred in declaring Plaintiff's lien superior to the Bank's, in that the Thomases, at the time they executed the 1976 deed of trust, did not have legal title to the land in which they sought to create a security interest in favor of Plaintiff. Consequently, says the Bank, such security interest would not be superior to that of the Bank.

The Bank emphasizes that the Thomases executed the deed of trust to trustee Scott on January 27, 1976, six days before the Thomases acquired ownership of the land by warranty deed from the Foxes. Therefore, says the Bank, the Thomases undertook to grant Plaintiff a security interest in property in which the Thomases "had no interest at that time."

The Bank's first point is answered by *Sabine v. Leonard,* 322 S.W.2d 831 (Mo. banc 1959), which dealt with the effect of §§ 442.420 and 442.430, RSMo 1949, on a deed of trust. Both statutes were carried forward unchanged in RSMo 1969, the revision in effect at the time the 1976 deed of trust was executed in the instant case. Section 442.420 set forth certain covenants inherent in the words "grant, bargain and sell," which words appear in the granting clause in the 1976 deed of trust. Section 442.430 stated:

"Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance."

In *Sabine,* the Supreme Court of Missouri said:

"We have repeatedly held that [§§ 442.420 and 442.430] are applicable to deeds of trust and that title subsequently acquired by the grantor in a deed of trust would pass immediately to the trustee therein." 322 S.W.2d at 835.

*Accord: Hamlin v. Hawkins,* 332 Mo. 1098, 61 S.W.2d 348, 350[2] (1933).

■ In accordance with *Sabine* and *Hamlin* we hold that when the Foxes conveyed the land to the Thomases on February 2, 1976, trustee Scott immediately became vested with the security interest in favor of Plaintiff created by the deed of trust executed by the Thomases six days earlier. The Bank's first point is denied.

The Bank's second point states:

"The [trial] court erred in granting reformation ... in that there was no substantial evidence that the equitable remedy of reformation is the sole remedy nor that there was a preexisting agreement between the parties to the [1976] deed [of trust], a mistake, nor that the mistake was mutual, which factors must be proven before reformation based upon mutual mistake may be granted."

■ The Bank, citing *Engelland v. LeBeau,* 680 S.W.2d 435, 437[2] (Mo.App. 1984), reminds us that a party seeking reformation of a deed of trust is required to show by clear, cogent and convincing evidence: (1) a preexisting agreement between the parties to describe the tract in accordance with the proposed reformation; (2) the mistake; and (3) the mutuality of the mistake. The Bank's theory, as we comprehend it, is that the intent of the Thomases and Plaintiff must be determined from only the two 1976 conveyances, as no testimony was presented at trial and the other two conveyances were executed in 1981 and 1985, respectively. The Bank maintains that the 1976 conveyances were insufficient to demonstrate a preexisting agreement between the Thomases and Plaintiff that the land to be covered by the 1976 deed of trust was to be described in accordance with the proposed reformation, and insufficient to demonstrate that the failure of such deed of trust to describe the land in accordance with the proposed reformation was the result of mutual mistake.

■ Our resolution of the Bank's second point is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court in this judge-tried case will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32[1]; *Engelland,* 680 S.W.2d at 437[1].

■ The 1976 deed of trust shows on its face a loan of $7,680 by Plaintiff to the Thomases, evidenced by the promissory note which the deed of trust was given to secure. The deed of trust and the 1976 warranty deed show on their respective faces the omission of the section, township and range from the land descriptions therein.

The fact that the Thomases, in 1981, accepted the quitclaim deed from the Foxes which correctly described the land demonstrates that the Thomases were mistaken as to the description in 1976 when they accepted the warranty deed from the Foxes. Indeed, the 1981 quitclaim deed, as we have seen, specifically recited that its purpose was to correct an error in the legal description in the 1976 deed between the Foxes and the Thomases.

We reject the Bank's assertion that the intent of the Thomases and Plaintiff must be determined from the two 1976 conveyances alone—a proposition for which the Bank cites no authority. In *Sperrer v. Sperrer,* 573 S.W.2d 693, 694–95 (Mo.App. 1978), the court considered conduct by the parties during several years after the execution of the subject conveyance in determining the sufficiency of the evidence to support reformation. Subsequent conduct was similarly considered in *Ethridge v. Perryman,* 363 S.W.2d 696, 700–01 (Mo. 1963), and *Bollinger v. Sigman,* 520 S.W. 2d 710, 713–14 (Mo.App.1975).

The fact that the description in the 1976 deed of trust was identical to the description in the 1976 warranty deed is sufficient to support a finding that the Thomases and Plaintiff intended, at the time of the execution of the 1976 deed of trust, that Plaintiff have a security interest in the land being acquired by the Thomases from the Foxes. No testimony was needed to establish that the failure of the description in the 1976 deed of trust to include the section, township and range where the land lay rendered the description incomplete. That defect

was apparent from the face of the instrument and, coupled with the other proof, was sufficient to constitute clear, cogent and convincing evidence of mutual mistake by the Thomases and Plaintiff. In such circumstances, no remedy except reformation was feasible. The Bank's second point is denied.

Inasmuch as we have rejected both of the Bank's points on the merits, our opinion might be read as an implicit holding that the Bank had standing to object to reformation of the 1976 deed of trust even though the Bank was not a party to it. Plaintiff, however, did not attack the Bank's assignments of error on that basis, and we opted not to explore the subject *sua sponte*, as neither of the Bank's points compelled reversal.

We also point out that the Bank does not complain about that segment of the trial court's judgment declaring Plaintiff's lien superior to the Bank's. That is presumably because the Bank's trust deed (a) stated on its face that it was subordinate to Plaintiff's "first deed of trust," and (b) listed the book and page where Plaintiff's deed of trust was recorded. The Bank, therefore, could hardly claim ignorance of Plaintiff's deed of trust even though the land description in it (until reformation) was insufficient to identify the tract. Indeed, the Bank conceded in its answer to paragraph 6 of Plaintiff's petition, quoted *supra*, that the Bank was aware of Plaintiff's deed of trust at the time the 1985 trust deed was executed.

Judgment affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.