**Linda L. BAUBY, Respondent,**

v.

**Steven A. LAKE, a minor, and Natalie Aldridge, Appellants.**

**No. 74820.**

Missouri Court of Appeals, Eastern District, Division Two.

June 29, 1999.

Irvin Dubinskyl, St. Louis, for appellants.

Richard A. Abrams, Pankowski & Abrams, Dellwood, for respondent.

RICHARD B. TEITELMAN, Judge.

Steven A. Lake, a minor, and his mother, Natalie Aldridge ("Defendants"), appeal from a judgment in the amount of $7,000 entered against them and in favor of Linda L. Bauby ("Plaintiff") in Plaintiff's suit against Defendants for property damage to her automobile. Defendants contend, inter alia, that there was no substantial evidence to support the judgment against either one of them. We reverse.

## FACTS

On January 4, 1996, Plaintiff's 1987 Buick was stolen from the parking lot outside her place of employment. On February 2, 1996, the police received a call concerning an automobile, later identified as Plaintiff's stolen vehicle, that had crashed into a tree. While investigating this accident the police got a call from Middle School Principal Charles Bluette, who reported that he had Steven A. Lake, age 14, in his custody. Bluette told police he had observed the vehicle driving erratically on school property and then, after observing Lake get out of the car, had ordered the driver to leave the school property. The driver complied, and almost immediately thereafter ran into a tree in the front yard of a house just two houses west of the school. The driver then got out of the car and ran away. Bluette gave a description of the driver to the police, and Lake identified him as an older teenager that he knew from Kinloch.

Sometime after this incident Plaintiff sued Lake and his mother, Natalie Aldridge, in a "Petition For Property Damage Over $5000." The petition alleged that Lake "did take Plaintiff's property without the knowledge or permission of

the Plaintiff" and that "while in the Defendant's possession the property was caused to be damaged and depreciated in an amount over $5,000 as a result of a motor vehicle collision." Though Lake's mother was named in the petition as a co-defendant, the only allegation in the petition regarding her was "that defendant Lake is a minor living with his parent and guardian, Natalie Aldridge."

The matter was heard in a bench trial before the Honorable Robert D. McCallister. Defendants, Aldridge and her minor son, appeared pro se. Plaintiff appeared in person and by counsel. Plaintiff gave brief testimony concerning her stolen car and what it was worth; she indicated among other things that the vehicle was a total loss after the crash and that its value at the time of the accident had been approximately $7,000. The police report of the incident was then admitted into evidence at the judge's request. It indicates that Lake told the police that he had been at his school bus stop in Castle Point, waiting for his school bus that morning, when the older teen (identified as one Allistar Green) approached and stopped in front of him and offered him a ride to school. He accepted the offer. He also said that during the ride he noticed a broken key and steering column, and realized then that the car had been stolen. He asked Green about this, and Green told him he had just bought the car from someone for $2,700. The report further stated that when Green dropped him off, Principal Bluette saw that Green was driving erratically and told him to leave.

Natalie Aldridge then offered very brief testimony. She testified that her son had been waiting at the bus stop when the older teen had offered him a ride and taken him to school. She testified further her son Steven did not even know how to drive. At that point counsel for Plaintiff interjected that this was a vehicle tampering/theft matter and that "the police report indicates he [meaning Steven Lake, the minor Defendant] was involved in it"——

which in fact the police report does not indicate at all. The trial court then asked, *sua sponte*, who the driver of the vehicle had been. In response Defendant Lake, without being formally sworn in, spoke up and identified the driver by name. The court asked counsel if he wanted to ask either defendant any more questions. Counsel said no, but offered the following closing comment: "It's a theft loss, no matter who's involved. They're all totally responsible."

The court took the matter under submission, and entered its judgment the following day. This appeal followed.

## DISCUSSION

Review of a court-tried case is governed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will not be disturbed on appeal unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *Id.*

Defendants raise three points on appeal. We will begin by considering their second point, since it is primarily dispositive in this matter. Defendants argue that the court erred in entering judgment against the minor, Defendant Steven A. Lake, because there was no substantial evidence to support the judgment. We agree.

To make a submissible case, a plaintiff must present substantial evidence to support every fact and element necessary for liability, leaving no such element to speculation. *Steward v. Goetz*, 945 S.W.2d 520, 528 (Mo.App. E.D.1997). Even when viewed in a light most favorable to the judgment, the evidence shows only that this fourteen-year-old accepted a ride to school from an older teen that he knew, in what turned out to be a stolen vehicle, and that at some point in time before the ride ended he became aware that the vehicle was stolen. Defendant

Lake did not drive the vehicle, was not in the vehicle at the time of the accident, and no evidence at all was presented which in any way connected him to the theft of the vehicle that had occurred a month earlier.[1] Under these circumstances, Plaintiff has failed to make a submissible case. Point II is granted.

 In Point III, Defendants contend the court also erred in entering judgment against Defendant Natalie Aldridge, because there is no substantial evidence to support the judgment and it misapplies the law. Defendants' contention is correct. Since the sole allegation in Plaintiff's petition for property damage as to Defendant Aldridge was that she was the mother of her minor son (Defendant Lake) and that she lived with him, the only conceivable basis of any liability on her part under the facts as alleged would be pursuant to Missouri's Parental Responsibility Statute, § 537.045.1 RSMo 1994. That statute provides that the parent of any unemancipated minor under the age of eighteen who is in the parent's care and custody, when a judgment has been rendered against the minor for "purposely marking upon, defacing or in any way damaging any property," shall be liable for the payment of such judgment up to an amount not to exceed $2,000.[2] § 537.045.1; see also *Frost v. Taylor*, 649 S.W.2d 264, 266–67 (Mo.App. S.D. 1983). But by its very terms § 537.045.1, in imposing liability on a parent to pay a judgment on behalf of his or her minor child, necessarily presupposes that a valid "judgment has been rendered" against that child. Here, however, for the reasons explained in our discussion of Point I, the judgment rendered against Defendant Al-

dridge's minor son was not a valid judgment. Accordingly, the judgment against his mother must also be reversed. Point granted.

### CONCLUSION

 The judgment of the trial court is reversed. Having failed to make a submissible case, Plaintiff is not entitled to remand for a new trial. *Loomstein v. Medicare Pharmacies, Inc.*, 750 S.W.2d 106, 115 (Mo.App. E.D.1988). Rule 84.14 authorizes this court to enter the judgment that should have been entered by the trial court. *Id.* Accordingly, the judgment in the underlying action for property damage is vacated, and judgment in that action is hereby entered in favor of Defendants, Steven A. Lake and his mother Natalie Aldridge, and against Plaintiff. All costs in the action are assessed against Plaintiff.

JAMES R. DOWD, Presiding Judge and LAWRENCE G. CRAHAN, Judge, concur.

1. The mere fact that Defendant Lake knew the older teen who offered him a ride to school, and that Lake accepted the ride, does not support an inference that Lake was somehow involved in the original theft, since such an "inference" would be no more than pure speculation. In determining upon appellate review whether a plaintiff has made a submissible case we view the evidence in the light most favorable to plaintiff, and give him or her the benefit of all *reasonable* favorable inferences to be drawn therefrom. *Steward v.*

*Goetz*, 945 S.W.2d at 528. However, we "do not supply missing evidence, or give the plaintiff the benefit of unreasonable, speculative or forced inferences." *Id.*

2. Plaintiff candidly concedes in her brief that at least that portion of the judgment against Defendant Aldridge which was in excess of $2,000 was erroneous, for the reason that it exceeded the court's statutory authority.