**STATE of Missouri, Respondent,**

v.

**David L. HEMBREE, Appellant.**

**No. SD 30916.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 29, 2011.

S. Dean Price, Springfield, for Appellant.

Chris Koster, Atty. Gen. and Robert J. (Jeff) Bartholomew, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

David L. Hembree ("Appellant") appeals his conviction for one count of the class C felony of receiving stolen property, a violation of section 570.080.[1] Following a bench trial, Appellant was sentenced to five years imprisonment but execution of his sentence was suspended and he was placed on five years probation.[2] In his sole point relied on Appellant asserts there was insufficient evidence to establish he committed the crime charged beyond a reasonable doubt. We affirm the decision of the trial court.

Viewing the evidence in the light most favorable to the trial court's verdict, *State v. Langdon,* 110 S.W.3d 807, 811 (Mo. banc 2003), the record reveals Appellant was charged via "FELONY INFORMATION" on June 23, 2008, with receiving stolen property "between the 1st day of December, 2006, and the 31st day of December, 2006," "with the purpose to deprive the owner of a trailer, received, retained, or disposed of such property, of a value of at least five hundred dollars, knowing or believing that it had been stolen." Appellant waived his right to a jury trial and a bench trial was held in this matter on April 14, 2010.

At trial, Bob Masengale ("Mr. Masengale") testified that sometime between December of 2006 and February of 2007 someone stole his "20–foot Dovetail flatbed trailer...." He related that the trailer was approximately a year old when it was stolen, it contained "the bucket and a set of forks" for another piece of equipment, and it was valued at around $3,700.00 or $3,800.00. He filed a police report on the stolen trailer in early March of 2007. After several casual conversations with friends, he was directed to speak with Tony Bolin ("Mr. Bolin"), who had recently purchased a similar trailer. Mr. Masengale spoke with Mr. Bolin and viewed the trailer. He concluded that it was, in fact, his trailer based on the presence of items inside of it as well as evidence of a previous repair he had done to the trailer. Mr. Bolin told him that he had purchased the

---

1. Unless otherwise stated, all statutory references are to RSMo Cum.Supp.2002.

2. As a term of his probation Appellant was also required to perform 100 hours of community service and serve 10 days "shock time in the county jail...."

trailer from Carl Anderson ("Mr. Anderson"). Mr. Masengale related he had no personal knowledge relating to the identity of the person who stole the trailer from him.

Mr. Anderson testified he was Appellant's brother-in law although the two had never gotten "along very well...." He very specifically denied "selling" the trailer at issue to Mr. Bolin and, instead, testified that Appellant told him that he had a trailer "and [he] told [Mr. Bolin] about it; and [Mr. Bolin] bought it off of ..." Appellant. He admitted that Mr. Bolin gave him $250.00 for the trailer, which he passed on to Appellant, and that at the time of the transaction the trailer was located at his house. He stated Appellant brought the trailer to his property "about a day" prior to the transaction with Mr. Bolin and that he had no idea where Appellant had gotten the trailer. He further related he never saw a title to the trailer at issue and he did not think Appellant provided Mr. Bolin with a title in relation to the purported purchase of the trailer. Additionally, Mr. Anderson stated he did not receive any financial benefit for brokering the sale of the trailer. Mr. Anderson did admit he had received a prison sentence several years prior for receiving stolen property in a case where he was accused of receiving a stolen "four-wheeler."

At trial Appellant did not testify nor did he present any evidence. At the conclusion of the evidence the trial court took the matter under advisement. On July 12, 2010, the trial court found Appellant guilty of the crime of receiving stolen property. He was thereafter sentenced as set out above. This appeal followed.

"The appellate court reviews the sufficiency of the evidence in a court-tried criminal case by applying the same standard used in a jury-tried case." *State v. Holman,* 230 S.W.3d 77, 82 (Mo.App. 2007). Where an appellant contests the sufficiency of the evidence to support his conviction, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable trier-of-fact might have found the appellant guilty beyond a reasonable doubt. *State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995). In making this determination we "look to the elements of the crime and consider each in turn...." *State v. Grim,* 854 S.W.2d 403, 411 (Mo. banc 1993). "While reasonable inferences may be drawn from both direct and circumstantial evidence, these inferences must be logical, reasonable, and drawn from established fact." *State v. Agee,* 37 S.W.3d 834, 837 (Mo.App.2001). Further, this Court

> 'is required to take the evidence in the light most favorable to the State and to grant the State all reasonable inferences from the evidence. The Court disregards contrary inferences, unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them.'

*Holman,* 230 S.W.3d at 83 (quoting *State v. Whalen,* 49 S.W.3d 181, 184 (Mo. banc 2001)). "'The credibility and weight of testimony are for the fact-finder to determine. The fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case.'" *Id.* (quoting *State v. Crawford,* 68 S.W.3d 406, 408 (Mo. banc 2002)). However, in reviewing the evidence this Court cannot "'supply missing evidence or give the State the benefit of unreasonable, speculative or forced inferences.'" *Whalen,* 49 S.W.3d at 184 (quoting *Bauby v. Lake,* 995 S.W.2d 10, 13 n. 1 (Mo.App. 1999)). In this light, this Court "consider[s] whether a reasonable [fact-finder] could find each of the elements beyond a

reasonable doubt." *Grim*, 854 S.W.2d at 411.

In his sole point relied on Appellant maintains the trial court erred in convicting him of "the crime of receiving stolen property. . . ." He asserts this determination was in error "because there was insufficient evidence as a matter of law to establish that [Appellant] had knowledge that the [trailer] was stolen nor that [Appellant] was ever in possession of the property beyond a reasonable doubt."

■ Section 570.080 sets out the crime of receiving stolen property: "[a] person *commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen*." In that direct evidence of whether the defendant knew or believed the property was stolen is seldom available, circumstantial evidence is sufficient to prove this element of the offense. *Langdon*, 110 S.W.3d at 813. Evidence of unexplained possession of recently stolen property is a circumstance the jury is entitled to consider in assessing the defendant's knowledge or belief. *Id.* Suspicious conduct and deceptive behavior can further support an inference that the defendant knowingly possessed stolen property. *Id.*; *see State v. Winder*, 50 S.W.3d 395, 403 (Mo.App.2001).

■ Here, the State presented testimony from Mr. Masengale that he owned the trailer at the time it was stolen and that it had a value of approximately $3,700.00. There was also evidence from Mr. Anderson that Appellant told him he had a trailer to sell; Appellant brought the trailer to Mr. Anderson's home and left it there; that Mr. Bolin paid $250.00 for the trailer; and that Mr. Anderson gave the money from the transaction to Appellant. It appears Mr. Anderson acted as a type of middle-man or broker between Appellant, who had possession of the trailer prior to the transaction, and Mr. Bolin, who took possession of the trailer following the transaction. The fact that Mr. Anderson testified to making no money on the deal supports the inference that the price was set by Appellant and Appellant received all of the benefit from the sale. Further, there was evidence that the trailer was worth approximately $3,700.00, and Appellant sold the trailer to Mr. Bolin for $250.00. Additionally, there was testimony from Mr. Anderson that he never passed a title to the trailer between Appellant and Mr. Bolin which in conjunction with other direct and circumstantial evidence presented supports an inference that the trailer was stolen and Appellant knew that it was stolen. Likewise, the fact that Appellant turned to his brother-in-law, Mr. Anderson, with whom he did not have a good relationship and whom had previously served time for receiving stolen property, to broker this arrangement lends credence to and is probative of the fact that he knew the trailer was stolen. The foregoing is sufficient direct and circumstantial evidence to show that Appellant had been in possession of the trailer, that he knew the trailer was stolen, and that he disposed of the trailer by selling it to Mr. Bolin through Mr. Anderson. There was sufficient evidence to prove Appellant committed the crime as charged beyond a reasonable doubt. The trial court did not err. Point denied.

The judgment and sentence of the trial court is affirmed.

BATES, J. and FRANCIS, P.J., Concur.