

# Missouri Court of Appeals
## Southern District

### In Division

ROEBUCK FAMILY, LLC, )
)
               Respondent, )
)   No. SD37679
   v. )
)   **Filed: August 2, 2024**
PLYMOUTH MANAGEMENT, LLC, )
)
               Appellant, )
)
and )
)
REGIONS BANK, INC., )
and MTW TRUSTEE SERVICES, INC., )
)
               Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Mark A. Powell, Judge

### REVERSED AND REMANDED WITH INSTRUCTIONS

This litigation arises from a dispute over the ownership of a tract of land in the City of Strafford, Greene County, Missouri, that Respondent Roebuck Family, LLC, (hereinafter "Roebuck") alleges was omitted from a deed of trust as the result of a mutual mistake between two other parties. The trial court agreed and reformed the deed of trust and a subsequent trustee's deed to include the omitted tract. Because there is a lack of substantial evidence to support the trial court's finding of mutual mistake, we reverse.

## Background

On August 30, 2010, Appellant Plymouth Management, LLC, (hereinafter "Plymouth") purchased three adjacent tracts of land at 4349 N. Farm Road 249, in Greene County, Missouri, with a Strafford postal address. Plymouth gave Providence Bank (not a party to this litigation) a deed of trust to secure the purchase loan. The property securing that loan was described as consisting of three tracts: 1, 2A, and 2B.

As part of a separate and much larger transaction, in a deed of trust dated October 29, 2014, Plymouth conveyed an interest in property at the same address to Respondent Regions Bank, Inc., (hereinafter "Regions"). The deed of trust identified the "Real Property" being conveyed as described in an attached Exhibit A. Exhibit A states in bold text: "The Legal Description of the real estate secured by this Deed of Trust is: TRACT 2A . . . TRACT 2B." [descriptions omitted] Tract 1 is not named or described. Notably, the addendum also states in all capitals and bold:

> ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE, REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED THAT IS IN ANY WAY RELATED TO THE CREDIT AGREEMENT. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

The tracts described in the deed of trust from Plymouth to Regions were part of a larger package of collateral securing a structured small-business loan. The two Strafford tracts comprised only one of five parcels of real estate used along with other types of property to secure the loan of more than four-million-dollars.

In September 2015, the City of Strafford annexed Plymouth's property at 4349 N. Farm Road 249 into the City of Strafford. In November 2015 the City Administrator of the City of Strafford approved Plymouth's request to "[c]ombine (3) existing metes and bounds described tracts of land for building permit and/or transfer of title without platting." The legal description included tracts 1, 2A, and 2B. Respondent Roebuck submitted evidence of this in an attempt to demonstrate Plymouth's knowledge of the purported mistake in the 2014 deed of trust.

In 2021, Regions, through Respondent MTW Trustee Services, Inc., (hereinafter "Trustee") foreclosed on the Strafford property described in the 2014 deed of trust, to wit: tract 2A and tract 2B. Trustee sold the property on the courthouse steps to Respondent Roebuck on May 19, 2021. The Trustee's Deed conveying the property to Roebuck from Trustee described the subject property as tracts 2A and 2B. The Notice of Trustee's Sale in *The Daily Events*, a Springfield-area legal publication, described the property as tracts 2A and 2B only.

The sole member of Roebuck testified at trial that just before the crier opened the bidding on the Strafford property at the trustee's sale, the Roebuck member quickly checked the county assessor's website to view details about the property. He saw two tracts of land at the address and assumed the two tracts for sale were tract 1 and the combined tracts 2A and 2B. In other words, he believed he had purchased tracts 1, 2A, and 2B for Roebuck. He did not learn that Roebuck purchased only tracts 2A and 2B until he conducted a title search at the Greene County Recorder of Deeds office after the sale.

On June 24, 2021, Roebuck filed the underlying civil action in the Associate Circuit Court of Greene County regarding the 2014 deed of trust between Plymouth and Regions, averring that the conveyance in the 2014 deed of trust of only tracts 2A and 2B (and

3

omitting tract 1) was the result of a mutual mistake of the contracting parties, to wit: Plymouth and Regions, to encumber all three tracts of land, 1, 2A, and 2B. Roebuck sought 1) reformation of the deed of trust between Plymouth and Regions, and the trustee's deed from MTW to Roebuck; 2) to quiet title to the disputed property; and 3) a judgment declaring that Roebuck was the sole owner of the subject property, including the omitted tract 1.

The court, sitting in equity, held a bench trial on April 14, 2022. A corporate representative of Plymouth, gave the following testimony:

> [ROEBUCK'S COUNSEL]: Would you agree with me that both these properties, Tract 1 and Tract 2A, 2B had the same property address, that 4349 North Farm Road?
>
> [PLYMOUTH REPRESENTATIVE]: I don't know that for sure.
>
> . . . .
>
> [ROEBUCK'S COUNSEL]: So the Plaintiff contends today—you heard me, we contend that that was a mistake. Regions Bank says that was a mistake. Tract 1 should have been included in this deed of trust at this point in time. So we've got two of three people today saying that that was a mistake. You say that it was not a mistake, that that was intentional. Do I understand that correctly?
>
> [PLYMOUTH REPRESENTATIVE]: I can't say either way.
>
> [ROEBUCK'S COUNSEL]: Okay. So you don't know?
>
> [PLYMOUTH REPRESENTATIVE]: I don't know.
>
> [ROEBUCK'S COUNSEL]: Okay. So it's possible that, sitting here today, that it was a mistake?
>
> [PLYMOUTH REPRESENTATIVE]: I don't know.
>
> . . . .

[ROEBUCK'S COUNSEL]: Would you agree with me that if Plymouth Management combined these three legal descriptions, that at least in its mind—in Plymouth Management's mind, its operation—it considered those three tracts of land[] really as one piece, one asset?

[PLYMOUTH REPRESENTATIVE]: I don't know, sir.

[ROEBUCK'S COUNSEL]: Okay. Did you ever have any conversations with Regions Bank yourself regarding the collateral that Regions Bank was going to take for this deed of trust that we've covered?

[PLYMOUTH REPRESENTATIVE]: I don't recall.

. . . .

[PLYMOUTH'S COUNSEL]: The documents that we have looked at today, and specifically Exhibit No. 4, this deed of trust, to your knowledge did Plymouth Management prepare this deed of trust?

[PLYMOUTH REPRESENTATIVE]: No.

[PLYMOUTH'S COUNSEL]: Do you believe Regions did?

[PLYMOUTH REPRESENTATIVE]: Yes.

. . . .

[REGIONS' & MTW'S COUNSEL]: And, in fact, throughout the documents that we've seen here, for that particular tract the only address ever given is 4349 North Farm Road 249, correct?

[PLYMOUTH REPRESENTATIVE]: I don't—I can't confirm or deny that.

The trial court found that the October 2014 agreement between Plymouth and Regions was that tracts 1, 2A, and 2B would secure the new loan to Plymouth and that the omission of tract 1 from the legal description in the deed of trust was the result of mutual mistake by both Plymouth and Regions. The court concluded:

The Court has reviewed the testimony, the exhibits, and the briefs submitted by the parties. The Court finds that in October, 2014, there was an agreement between Regions Bank and Plymouth Management, LLC ("Plymouth"), to refinance a debt owed by Plymouth to Providence Bank that was then secured by a deed of trust to Providence Bank that encumbered the entire parcel consisting of Tracts 1, 2A, & 2B; that the deed of trust thereafter signed by Plymouth and delivered to Regions contained an erroneous legal description, in that it included Tracts 2A & 2B but did not include Tract 1; and that the error was mutual by Plymouth and Regions Bank. The Court further finds that Plaintiff succeeded in the rights and interests of Plymouth in and to the subject parcel by reason of Plaintiff's purchase of the realty at the foreclosure sale under the Plymouth-Regions deed of trust that MTW Trustee Services, Inc. called at the request of Regions Bank. The Court finds that Plaintiff has carried its burden to prove entitlement to reformation of the Plymouth-Regions deed of trust and the trustee's deed issued after Plaintiff's purchase at the foreclosure sale.

Plymouth filed an appeal raising three points: 1) the trial court misapplied the law in reforming the deed because Roebuck was not a party to the original deed; 2) the court's judgment reforming the deed was not supported by substantial evidence; and 3) the court's judgment reforming the deed was inequitable.

## Legal Principles

"On review of a court-tried case, an appellate court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)); *see* Rule 84.13(d) (2021). Substantial evidence must support the trial court's judgment. *Hunter v. Moore*, 486 S.W.3d 919, 925 (Mo. banc 2016). In reviewing a judgment for substantial evidence, we "view the evidence in the light most favorable to the judgment, defer to the trial court's credibility determinations, and accept as true the evidence and inferences favorable to the judgment, disregarding all contrary evidence." *Id.*

"An action for the reformation of a written contract is an equity action that is tried by the court." ***Fastnacht v. Ge***, 488 S.W.3d 178, 183 (Mo.App. 2016). When sitting in equity, a court's "power 'to reform an instrument, which by reason of mistake fails to express the intention of the parties, has long been considered unquestionable.'" ***Singleton v. Singleton***, 659 S.W.3d 336, 342 (Mo. banc 2023) (quoting ***Walters v. Tucker***, 308 S.W.2d 673, 675 (Mo. 1957)). "Reformation, however, 'is an extraordinary equitable remedy and should be granted with great caution and only in clear cases of fraud or mistake.'" ***Singleton***, 659 S.W.3d at 342 (quoting ***Ethridge v. TierOne Bank***, 226 S.W.3d 127, 132 (Mo. banc 2007)).

"The burden of proof is upon the party seeking reformation to show by clear, cogent[,] and convincing evidence: 1) a preexisting agreement between the parties to describe the tract in accordance with the proposed reformation; 2) the mistake; and 3) the mutuality of the mistake." ***U.S. Bank, N.A. v. Smith***, 470 S.W.3d 17, 25 (Mo.App. 2015) (quoting ***Engelland v. LeBeau***, 680 S.W.2d 435, 437 (Mo.App. 1984)). "In seeking reformation, it must be established that a mistake occurred that caused the contract language to differ from what the parties intended in their agreement." ***U.S. Bank***, 470 S.W.3d at 25 (quoting ***Lunceford v. Houghtlin***, 326 S.W.3d 53, 63 (Mo.App. 2010)). "Reformation may be established by circumstantial evidence provided that the natural and reasonable inferences drawn from it clearly and decidedly prove the alleged mistake." ***U.S. Bank***, 470 S.W.3d at 25-26 (quoting ***Everhart v. Westmoreland***, 898 S.W.2d 634, 638 (Mo.App. 1995)). "It is enough to show that both parties, at the time of the contract, shared a misconception about a basic assumption upon which they based their bargain." ***Lunceford***, 326 S.W.3d at 64.

A court will reform a deed only when "the evidence of mistake" is "clear, cogent[,] and convincing and upon testimony entirely exact and satisfactory." ***Mills v. Cameron Mut. Inc. Co.***, 674 S.W.2d 244, 249 (Mo.App. 1984). Clear, cogent, and convincing evidence should leave the court "clearly convinced of the affirmative of the proposition to be proved." ***Grissum v. Reesman***, 505 S.W.2d 81, 86 (Mo. 1974).

> A written instrument will be reformed only upon clear, cogent[,] and convincing evidence, which leaves no room for reasonable doubt. This degree of proof relates not only to the existence of a mutual mistake but also to the establishment of the actual agreement which is alleged to have been made.

***St. Louis Realty Fund v. Mark Twain S. Cnty. Bank 21***, 651 S.W.2d 568, 572–73 (Mo.App. 1983) (citing ***Dehner Urban Redev. Corp. v. Dun & Brad.***, 567 S.W.2d 700, 704 (Mo.App.1978)). Extrinsic, parol, or circumstantial evidence is admissible "to establish the mistake and to show how the writing should be reformed to conform to the parties' intention[,]" so long as "the natural and reasonable inferences drawn from [that evidence] clearly and decidedly prove the alleged mistake." ***Everhart***, 898 S.W.2d at 638.

A trial court may consider the following factors in determining reformation of a deed: "the wording of the contract as signed by the parties, the relationship of the parties, the subject matter of the contract, the usages of the business, the circumstances surrounding the execution of the contract, and its interpretation by the parties." ***Hunter***, 486 S.W.3d at 926 (quoting ***Everhart***, 898 S.W.2d at 638).

## Discussion

Upon review of the record, we find a lack of substantial evidence to support reformation of the two deeds. Because it is dispositive, we start our discussion with Plymouth's second point.

8

As Plaintiff below, Roebuck bore the burden of demonstrating by clear, cogent, and convincing evidence that the 2014 deed of trust between Regions and Plymouth contained a mutual mistake that did not reflect the preexisting agreement between the parties to describe the tracts. In its answer to the petition, Regions admitted the mistake in the 2014 deed of trust. In its answer, Plymouth denied the mistake.

The effect of Regions' admission of the mistake in the 2014 deed was to concede that a mistake occurred on Regions' part. *U.S. Bank*, 470 S.W.3d at 25. Yet, in order to meet the criteria for reformation, the mistake must have been mutual. *Id.* In other words, both Regions and Plymouth must have understood their agreement or bargain in a way that was not reflected correctly in the written documents.

Unless Roebuck demonstrated that the document mistakenly failed to accurately represent Plymouth's understanding of the agreement, then the mistake was not mutual, thus not sufficient to justify reformation of the deed. At the bench trial, Plymouth's corporate representative did not concede or admit to a mistake in the 2014 deed. When asked about whether he knew if Plymouth intended that the 2014 deed of trust would include tract 1, the corporate representative did not make a single affirmative statement. Instead, his testimony contained multiple responses such as, "I don't know," "I don't recall," and "I can't say either way."

Except for the admission of the mistake on its part by Regions, there was no evidence before the court of a mutual misunderstanding between Plymouth and Regions.[1]

---

[1] We recognize that Roebuck introduced evidence of the September 2015 annexation and November 2015 administrative subdivision by the City of Strafford in an attempt to demonstrate that Plymouth was aware of the alleged mistake in the 2014 deed of trust. As these were entirely separate transactions involving different parties and relating to benefits and uses of tract 1, rather than subjecting tract 1 to a security interest and potential foreclosure, a factfinder cannot reasonably infer that combining the tracts for the annexation indicates an earlier desire to subject tract 1 to a security interest and potential foreclosure. We must not "supply missing evidence, or give the plaintiff the benefit of unreasonable, speculative[,] or forced

As a result, we have only the documents on which to rely. There is no documentation demonstrating that the mistake was mutual. Nor is there testimony to this effect by either Regions or Plymouth. Aside from the admission in Regions' pleading, there was no testimony from either Regions or Plymouth regarding the circumstances surrounding the making of the agreement which resulted in the 2014 deed.

The burden of proof of a mutual mistake is on the plaintiff. *U.S. Bank*, 470 S.W.3d at 25. When, as here, the plaintiff was not a party to the allegedly erroneous deed, he must proffer evidence of mutual mistake between two other parties. Regions' admission established a mistake on its part, but at trial Roebuck failed to adduce evidence of a mistake by Plymouth that would support a finding of mutual mistake.[2] *Id*.

We must defer to the trial court's credibility determinations, accept as true the evidence and inferences to be drawn therefrom which support the trial court's judgment, and disregard all contrary evidence and inferences. *Hunter*, 486 S.W.3d at 925. Here, even viewing the record in this light, we face a complete lack of evidence to support the trial court's finding of mistake on the part of Plymouth. In the absence of such proof, we cannot agree that Roebuck proved a mutual mistake between Plymouth and Regions by "clear, cogent, and convincing" evidence; we are not "clearly convinced of the affirmative of the proposition to be proved." *Grissum*, 505 S.W.2d at 86. Reformation of a deed is an "extraordinary equitable remedy" that should be granted only "with great caution" and then only in "clear cases" of a mistake. *Singleton*, 659 S.W.3d at 342.

inferences." *Bauby v. Lake*, 995 S.W.2d 10, 13 n.1 (Mo.App. 1999) (quoting *Steward v. Goetz*, 945 S.W.2d 520, 528 (Mo.App. 1997)).

[2] The testimony regarding Roebuck's mistake at the time of the sale is simply not relevant to the question whether the 2014 deed contained a "mistake" not intended by Plymouth or Regions.

Accordingly, we reverse and remand the case to the trial court, which is instructed to enter judgment in favor of defendants and deny the relief sought by Plaintiff. Points I and III are moot.

JACK A. L. GOODMAN, J. – AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS